# EXHIBIT D

Nicholas H. Wooten

Email:
nhwooten@gmail.com

# WOOTEN LAW FIRM, P.C.

P.O. Box 3389
Auburn, Alabama  36831

Telephone:
(334) 887-3000

Facsimile:
(334) 821-7720

PHYSICAL ADDRESS:
1702 Catherine Court, Suite 2-D
Auburn, Alabama  36830

May 3, 2010

**DELIVERY VIA EMAIL ONLY**

Rashad Blossom, Esq
Bradley, Arant, Boult and Cummings
Birmingham, Alabama

*In re: Strickland v HSBC, pending in the Middle District of Alabama Bankruptcy Court*

Dear Rashad,

I hate to start Mondays off with problems but I wanted to tell you that I reviewed all 1100+ pages of your document production last night and found it significantly deficient with respect to the document requests that were served upon your client.

Here is an incomplete listing of documents that are responsive but are not produced:

01) There is no life of loan transactional history for this loan. I'm sure its obvious to you that I can't do anything without this information.

2) There are no records produced from Process Management. However, the screen shots of the notes fields which you did produce indicate that significant activity is taking place under process management.

3) There are no images from New Invoice or Invoice Management (which is a "module" under Process Management or LPS Desktop) which is where every invoice related to attorney fees, BPO's, Force Placed Insurance, Property inspections, etc. is located. I obviously need those images which would have been scanned front and back when they were stored.

4) There are no images from Process Management (aka LPS Desktop) although the screen shots of the notes your client provided you are replete with references to them. There is a module under Process management (aka LPS Desktop) which is called either New Image or Image Management depending on your client's version of the software and its nomenclature. They have a screen which lists every image stored under this module and it assigns each image a unique image ID number which you can find referred to in the notes you did produce as "nie #'s" which is shorthand for "new image express id number" and I will need each of those images by

their image ID# to insure that there is no variation between the data your client is relying upon and the data I am reviewing.

       5)    Also, I do not have even a complete list of the invoices from MSP for the charges to the Strickland account. I have five invoices which have been produced in all of your documents, two for attorney's fees and three for BPO's. However, the notes you have given me are replete with references to other charges for which you have produced no documentation (and which are most likely contained in the Process Management software). I also note that you produced copies of BPO's for this account for five distinct BPO's but the records you produced are an incomplete listing of the BPO's which were charged to the Strickland account.

       6)    I also note that although the screen shots of the notes from MSP contain a significant dialogue about the imposition of force placed insurance on the Strickland account that there are no images for these charges or any refunds or the policy (ies) that were purchased or any correspondence with the Stricklands insurance company regarding the status of their own homeowners insurance.

       7)    I also note that the format that you produced the screen shots from the notes log from the MSP software is unnecessarily voluminous and is also heavily redacted. I cannot fathom the basis for the redaction of the notes log in this case. Many of the notes log entries which are redacted deal with actions by your client's employees prior to the filing of any AP. In fact, I note that because your client chose not to use a "network firm" to defend the AP that the processes following the dispute were terminated in October of 2009 shortly after the filing of the AP. Therefore, I cannot assume the basis for these redactions is a claim of privilege related to this case. In fact, given my knowledge of these entries my suspicions are that most of what has been redacted is not even communication between an attorney and your client but rather communications between employees of various parties handling different portions of the servicing of this account. I am going to need either a privilege log which explains the basis of the redactions or an unredacted copy of those entries. If your client maintains that these entries are the proper subject of redaction I will be forced to request that the Court make an in camera inspection of those entries and determine if they are the proper subject of redaction.

Because of these significant documentary deficiencies in your production we only have two choices, the first of which is that your client produce these documents to you today electronically and that you produce them to me today as well. This is the only way that the deposition can proceed on Wednesday as planned.

The second option is that we cancel the deposition set for Wednesday and I file a motion to compel the production of these documents and to extend the discovery period until such time as these deficiencies are corrected. I think that you know me well enough by now to know that I would always prefer to reach an agreement and to avoid the Court's intervention unless absolutely necessary but I cannot see how it can be avoided without your client's cooperation at this juncture. Please contact me after you have reviewed this letter so that we can discuss how to resolve these issues.

       Sincerely,

       *Nick Wooten*

       Nick Wooten